UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JUL 1 0 2008

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATE OF AMERICA, )
)
Plaintiff, )
)
v. ) No.
) 4: 08CR00421 RWS
BILL ANTHONY JAKOB, )
)
Defendant. )

# INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNTS 1 AND 2

### WIRE FRAUD
### MAIL FRAUD

**A.  Introduction**

At all times relevant to the Indictment:

1. Defendant, **BILL ANTHONY JAKOB** (hereinafter referred to as "**JAKOB**"), resided at 433 Buffalo Road, Washington, Missouri.

2. Total Lock & Security Company (hereinafter referred to as "Total Lock"), was a company which sold doors and locksets to commercial customers and United States government agencies, and had offices at 11772 Westline Industrial Drive, Maryland Heights, Missouri.

3. The Installers Company, a related company to Total Lock, installed doors and locksets for commercial customers and United States government agencies, and had offices at 3858 Ridgefield Farms Drive, Defiance, Missouri.

4. During January, 2007, **JAKOB** applied for a position with Total Lock, and was hired as a dispatcher on or about January 8, 2007. During April, 2007, Total Lock promoted

1

**JAKOB** to salesperson, with a primary focus on military and other government agency sales. **JAKOB** received a salary and benefits from Total Lock. **JAKOB** was terminated from his position with Total Lock in or about January, 2008.

**B.     Scheme to Defraud**

5.     From in or about January, 2007, and continuing through in or about January, 2008, both dates being approximate and inclusive, within the Eastern District of Missouri and elsewhere, defendant,

**BILL ANTHONY JAKOB,**

devised, intended to devise, and knowingly participated in a scheme to defraud and deprive Total Lock of the right to his honest services, and to obtain money from Total Lock by means of materially false and fraudulent pretenses, representations, and promises.

6.     As a part of the scheme, on or about January 2, 2007, **JAKOB** made numerous false representations in his application and interview for employment with Total Lock, including: a) he had retired from the United States Army during January, 2007 at the rank of E-8, first sergeant; b) he served multiple overseas tours of duty and was injured while serving in the Army; and, c) he graduated from the University of Missouri at Columbia with a degree in history. In reality, **JAKOB** had served in the Missouri Army National Guard where he received an other than honorable discharge with the rank of E-1 on June 3, 2006, and he never received a degree from the University of Missouri at Columbia. As a result of **JAKOB's** false representations, he was hired by Total Lock and began work as a dispatcher on or about January 8, 2007, and was promoted to salesperson during in or about April, 2007.

7.     As a part of the scheme, during July, 2007, defendant **JAKOB** falsely represented to Total Lock that he had negotiated and made a sale of 140 Vingcard brand electronic locksets

2

to the United States Army Corps of Engineers for $38,070.00 (hereinafter referred to as "sham lockset sale"). As a further part of the scheme, on or about July 31, 2007, defendant **JAKOB** submitted documents to Total Lock falsely representing the sham lockset sale, and which provided false information as to a purported Corps of Engineers contracting officer involved in the sale.

8. It was a further part of the scheme that, during July, 2007, defendant **JAKOB** established a Hotmail e-mail account, uscorpsofengineers@hotmail.com, (hereinafter referred to as "Hotmail e-mail account"), which **JAKOB** falsely represented to be a true e-mail address for the purported Corps of Engineers contracting officer relative to the sham lockset sale. **JAKOB** falsely identified the purported Corps of Engineers contracting officer as "Lisa Kennedy". In reality, and as part of the scheme, this e-mail account was one which defendant **JAKOB** maintained and used to carry out the scheme, and there existed no Corps of Engineers contracting officer named Lisa Kennedy.

9. On July 31, 2007, based upon defendant **JAKOB's** false representations, and as part of his scheme, Total Lock unwittingly sent via e-mail a job order quote, number 0707266, to the purported Corps of Engineers contracting officer at the Hotmail e-mail address in the amount of $38,070.00 relative to the sham lockset sale.

10. It was a further part of the scheme that, on August 6, 2007, defendant **JAKOB**, falsely identifying himself as "Lisa" at the Corps of Engineers, and using the Hotmail e-mail account, responded to the Total Lock job order quote relative to the sham lockset sale, advising that the quote was "accepted as is".

11. On September 6, 2007, as a further part of the scheme, defendant **JAKOB,** falsely identifying himself as Corps of Engineers contracting officer "Lisa Kennedy", and using the

3

Hotmail e-mail account, advised Total Lock that the Corps of Engineers wanted to multiply the lockset order four times, with delivery on November 1, 2007.

12. Based upon defendant **JAKOB**'s false representations, Total Lock prepared a job order quote for the now 564 Vingcard electronic locksets for the Corps of Engineers in the amount of $152,280 relative to the sham lockset sale.

13. On September 17, 2007, as a further part of the scheme, defendant **JAKOB**, falsely identifying himself as Corps of Engineers contracting officer "Lisa Kennedy", and using the Hotmail e-mail account, provided Total Lock with a false Purchase Order number 081101LKMEMO1 relative to the increased sham lockset sale.

14. On September 27, 2007, as a further part of the scheme, defendant **JAKOB**, falsely identifying himself as Corps of Engineers contracting officer "Lisa Kennedy", and using the Hotmail e-mail account, falsely advised Total Lock that the Corps of Engineers wanted Total Lock to handle the installation relative to the sham lockset sale, and defendant **JAKOB** provided a false Purchase Order number 081101LKMEM18 for the installation relative to the sham lockset sale.

15. As a further part of the scheme, during in or about September, 2007, defendant **JAKOB** falsely represented to Total Lock that he had negotiated an additional sale to the Corps of Engineers of 850 Vingcard replacement locks for a price of $233,750.00 (hereinafter referred to as the "sham replacement lock sale").

16. On October 4, 2007, as a further part of the scheme, defendant **JAKOB**, falsely identifying himself as Corps of Engineers contracting officer "Lisa Kennedy", and using the Hotmail e-mail account, falsely advised Total Lock to "proceed with the order for the

4

replacement locks", and provided a false Purchase Order number 010308LKMEM183 relative to the sham replacement lock sale.

17. On October 15, 2007, based upon defendant **JAKOB's** false representations, and relative to the sham lockset sale, The Installers Company ordered 564 Vingcard locksets from Quest Hospitality Suppliers, LLC, 523 Camelot Drive, Aberdeen, South Dakota (hereinafter referred to as "Quest"), for a total price of $91,847.00, with the locksets to ship from Quest to the Corps of Engineers in Memphis, Tennessee. Also on October 15, 2007, based upon defendant **JAKOB's** false representations, The Installers Company mailed a check for $30,615.80 to Quest, representing 1/3 of the total cost of the locksets relative to the sham lockset sale.

18. On numerous occasions during October and November, 2007, as a further part of the scheme, defendant **JAKOB**, using the Hotmail e-mail account, provided additional false information to Total Lock relative to both the sham lockset sale and the sham replacement lock sale, purportedly from the Corps of Engineers.

19. On December 21, 2007, as a further part of the scheme, defendant **JACOB** provided Total Lock with a credit card number purportedly for a Corps of Engineers VISA credit card, number XXXX XXXX XXXX 4157, in order for Total Lock to obtain the sales proceeds relative to the sham lockset sale and the sham replacement lock sale. Total Lock attempted to process the sales with the credit card number provided by defendant **JAKOB** on two separate occasions during January, 2008, but the transaction failed each time. In reality, the credit card number provided by defendant **JAKOB** was the number to the United States government VISA credit card he had been issued while serving in the Missouri Army National Guard, and that card had expired during June, 2007.

5

20. On December 28, 2007, as a further part of the scheme, defendant **JAKOB**, falsely identifying himself as Corps of Engineers contracting officer "Terri Morstatter", and using the Hotmail e-mail account, provided false information to Total Lock as to the purported shipping address relative to both the sham lockset sale and the sham replacement lock sale. In reality, there existed no Corps of Engineers contracting officer named Terri Morstatter.

21. On January 28, 2008, The Installers Company made the remaining payment of $63,295.55 to Quest relative to the sham lockset sale, which included late fees of $1,898.81 due to **JAKOB's** failure to provide Total Lock with timely information. The locksets were later shipped by Quest to Total Lock during February, 2008.

22. During late January, 2008, defendant **JAKOB** left the offices of Total Lock and never returned.

The Grand Jury Further charges that:

### C. The Wire Transaction    Count 1.

23. On or about October 15, 2007, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

for the purpose of executing and attempting to execute the above-described scheme to defraud and deprive Total Lock of the right to his honest services, and to obtain money from Total Lock by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, or sounds, namely a facsimile transmission from Total Lock in St. Louis, Missouri, (314) 739-4932, to Quest in Aberdeen, South Dakota, (605) 229-

8805, conveying the order for 564 Vingcard brand electronic locksets at a price of $91,847.00, relative to the sham lockset sale.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

**D.     The Mailing.            Count 2.**

The Grand Jury Further charges that:

24.     On or about October 15, 2007, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

for the purpose of executing and attempting to execute the above-described scheme to defraud and deprive Total Lock of the right to his honest services, and to obtain money from Total Lock by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, The Installers Company check number 1767, drawn on the Heartland Bank of St. Louis, Missouri, in the amount of $30,615.80, and payable to Quest relative to the sham lockset sale, from Total Lock, 11772 Westline Industrial Drive, St. Louis, Missouri 63146 to Quest, 523 Camelot Drive, Aberdeen, South Dakota 57401

All in violation of Title 18, United States Code, Sections 1341 and 1346.

The Grand Jury Further charges that:

## COUNT 3

### FALSE PERSONATION

On or about August 6, 2007, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

7

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an employee of the United States Army Corps of Engineers, and in such assumed and pretended character did act as such, in that he falsely represented that he was an employee with the United States Army Corps of Engineers engaged in negotiating and entering into a contract for the purchase of 140 Vingcard brand electronic locksets from Total Lock & Security of St. Louis, Missouri.

All in violation of Title 18, United States Code, Section 912.

The Grand Jury Further charges that:

## COUNT 4

### FALSE PERSONATION

On or about October 4, 2007, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an employee of the United States Army Corps of Engineers, and in such assumed and pretended character did act as such, in that he falsely represented that he was an employee with the United States Army Corps of Engineers engaged in negotiating and entering into a contract for the purchase of 850 Vingcard brand electronic replacement locks from Total Lock & Security of St. Louis, Missouri.

All in violation of Title 18, United States Code, Section 912.

The Grand Jury Further charges that:

## COUNT 5

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

## BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in arresting M.H.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 6

## FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

## BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in searching a residence located at 15 North Bernhardt, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 7

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in arresting H.H.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

### COUNT 8

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in searching a residence located at 645 South Main Street, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

### COUNT 9

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 25, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in arresting M.H.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

### COUNT 10

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 25, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Drug Enforcement Agency, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Drug Enforcement Agency while engaged in searching a residence located at 15 North Bernhardt, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 11

## FALSE PERSONATION INVOLVING AN ARREST

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in arresting D.R.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 12

## FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in searching a residence located at 7246 Antioch Road, Franklin County, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

## COUNT 13

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 26, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in searching a residence located at 924 South Old Potosi Road, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 14

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of

13

Justice Multi Jurisdictional Narcotics Task Force while engaged in searching a residence located at 646 South Main Street, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 15

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a United States Marshal, and in such assumed and pretended character did act as such, in that he falsely represented that he was a United States Marshal while engaged in searching a residence located at 455 East Canaan Road, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 16

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 24, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as

14

such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in arresting T.W.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 17

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 25, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in arresting J.D.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 18

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 25, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi

15

Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in searching a residence located at 323 West 6th Street, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 19

### FALSE PERSONATION INVOLVING A DETENTION

On or about April 25, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in detaining A.B.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 20

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 28, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

**BILL ANTHONY JAKOB,**

16

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in arresting J.R.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 21

### FALSE PERSONATION INVOLVING A RESIDENTIAL SEARCH

On or about April 28, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

### BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in searching a residence located at 34 Pear Tree, Gerald, Missouri.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 22

### FALSE PERSONATION INVOLVING AN ARREST

On or about April 28, 2008, in the Eastern District of Missouri and elsewhere, the defendant,

## BILL ANTHONY JAKOB,

did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force, and in such assumed and pretended character did act as such, in that he falsely represented that he was an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force while engaged in arresting A.E.

All in violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury Further charges that:

## COUNT 23

## FALSE STATEMENT

On or about May 9, 2008, in the Eastern District of Missouri, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, the defendant,

## BILL ANTHONY JAKOB,

did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; that is, he falsely stated that he had not identified himself as an agent of the United States Department of Justice Multi Jurisdictional Narcotics Task Force when, in truth and in fact, he had on numerous prior occasions.

All in violation of Title 18, United States Code, Section 1001.

18

A TRUE BILL

_____
FOREPERSON

CATHERINE L. HANAWAY
United States Attorney


_____
HAL GOLDSMITH, #62501
Assistant United States Attorney